UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLAYTON ADAMS,<br><br>          Petitioner,<br><br>  v.<br><br>TEREMA CARLIN,<br><br>          Respondent. | Case No. 1:17-cv-00246-REB<br><br>**ORDER** |

      In this habeas corpus action, Petitioner Clayton Adams challenges his state court convictions for second-degree murder and aggravated battery. Now pending is Petitioner's Motion for Discovery Pursuant to Habeas Rule 6. (Dkt. 22.) Petitioner seeks discovery related to Claim 1, which asserts ineffective assistance of trial counsel ("IATC"). In that claim, Petitioner alleges that his trial attorney should have contacted, interviewed, and called Lynette Skeen as a witness to a portion of the relevant events on the night of the murder. In his Motion for Discovery, Petitioner seeks to depose Skeen.

      For the reasons that follow, the Court will deny the Motion.

1.   **Legal Standards**

      Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the petitioner must first seek leave of court, and such leave may be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases. A petitioner has

**ORDER - 1**

generally shown good cause when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted).

A petitioner cannot establish good cause simply by providing conclusory assertions—instead, a request for discovery must be supported by specific factual allegations. Habeas corpus review "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted).

Further, if the state court adjudicated a claim on the merits, new evidence may not be introduced on federal habeas review. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §225(e)(2). The state court record may be supplemented by new factual development in federal court only in very limited circumstances: (1) when a state court did not decide the merits of a properly-asserted claim; (2) when the state court decision was based on an unreasonable factual determination; (3) when a petitioner attempts to show cause and prejudice in a procedural default setting; or (4) when a petitioner attempts to show actual innocence to overcome a procedural default or statute of limitations bar.

One way that habeas petitioners may attempt to avoid *Pinholster*'s bar on new evidence is by arguing that the claim is procedurally defaulted and that, therefore, the state court did not actually decide the merits of the claim. The argument goes as follows: the petitioner's attorney did not adequately support the claim in state court; therefore, the

**ORDER - 2**

claim—as asserted in federal court—is now either "fundamentally alter[ed] [from] the legal claim already considered by the state courts" or "in a significantly different and stronger evidentiary posture than it was when the state courts considered [the claim]." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (internal quotation marks omitted). In other words, if a claim is now fundamentally altered or in a stronger evidentiary posture because of counsel's failure to support it in state court, then the claim was neither fairly presented to the state court in the first instance nor was it adjudicated on the merits. If there is no longer a way to exhaust the claim in state court, the claim is also procedurally defaulted.

In turn, if a claim is procedurally defaulted, a federal court can still hear the claim, but only if the Petitioner shows a legal excuse—such as cause and prejudice—for that default. In the case of purportedly ineffective post-conviction counsel, a petitioner can show cause and prejudice to excuse the default of an IATC claim if the petitioner satisfies the standard described in *Martinez v. Ryan*, 566 U.S. 1 (2012) and further clarified in *Trevino v. Thaler*, 569 U.S. 416 (2013).[1] Under *Martinez*, ineffective assistance of post-conviction counsel excuses the default of an IATC claim if (1) the underlying IATC claim is a "substantial" claim; (2) the "cause" for the procedural default consists of there being "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the

---

[1] *Martinez* does not apply to any claims other than IATC claims. *See Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

**ORDER - 3**

IATC claim could have been brought[2]; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding (or, by "design and operation," such claims must be raised that way rather than on direct appeal). *Trevino*, 569 U.S. at 423, 429.[3]

## 2. Discussion

Petitioner argues that his post-conviction counsel rendered ineffective assistance by failing to seek early investigative funding to discover additional facts supporting the claim. Therefore, contends Petitioner, the only way he can show that Claim 1 is fundamentally altered (or in a significantly stronger evidentiary posture) is to conduct Skeen's deposition. According to Petitioner, Claim 1—as presented in the Petition—is a "new" claim that (1) is procedurally defaulted, (2) is excused from default by cause and prejudice under *Martinez*, and (3) may be supported by new evidence: the deposition of Skeen that Petitioner seeks in his Motion for Discovery.

Lynette Skeen was an earwitness to part of the altercation culminating in the death of the victim. Skeen reported that she heard someone outside her home yell, "Get the Fuck back here."[4] (State's Lodging E-1 at 393.) According to Petitioner, Skeen's

---

[2] The *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding—a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16.

[3] In *Dickens*, the Ninth Circuit held that *Martinez* can apply not only to IATC claims that were never adjudicated in state court, but also to IATC claims that *were* adjudicated on the merits, but were adjudicated on an inadequate record as a result of post-conviction counsel's ineffectiveness. 740 F.3d at 1319-20.

[4] Skeen stated that the voice she heard was male. Petitioner is male, as was the victim.

**ORDER - 4**

statement corroborates Petitioner's self-defense theory, *i.e.* Petitioner states that he told his attorney that the victim—who Petitioner alleged was the initial aggressor—said to Petitioner, "Get the fuck back here I am not done with you." (*Id.* at 300.) Claim 1 asserts that trial counsel should have called Skeen as a witness.

The Idaho Court of Appeals considered and rejected an analogous claim. *See Adams v. State*, 387 P.3d 153, 500 (Idaho Ct. App. 2016) (holding that Petitioner "has not provided evidence sufficient to overcome the presumption that trial counsel made a strategic decision not to call [the] witness" and that Petitioner "only offered conclusory allegations as to what the second witness would have testified to at trial based on a police report"). Therefore, this Court may consider whether *Martinez* applies to Claim 1—and, consequently, whether discovery is permitted on that claim as requested by Petitioner— only if Claim 1 is fundamentally altered, or in a significantly stronger evidentiary posture, such that it constitutes a new claim not previously decided on the merits in state court.

The Court concludes it is not such a new claim. The only evidence Petitioner provides to support this claim, other than evidence already presented in state court, is an affidavit from an investigator. The investigator says he talked to Skeen in March 2017. Skeen did not appear cooperative, but told the investigator that, on the night of the murder, Skeen heard "people ... yelling and she heard, 'Come back here. I'm going to kill you.'" (Ex. A to Pet., Dkt. 1.) This statement is substantially similar to what Skeen previously reported. Therefore, Claim 1 is the substantially the same claim adjudicated on

the merits in state court, and the holding in *Pinholster* prohibits this Court from granting Petitioner's requested discovery.

In addition, the Court rejects Petitioner's claim that Skeen's testimony "would have corroborated [Petitioner's] testimony." (Dkt. 22 at 2.) The Court accepts, for purposes of this decision, that Petitioner informed his attorney before trial that the victim yelled, "Get the fuck back here I am not done with you." (State's Lodging E-1 at 300.) However, although he did testify at trial, the Petitioner did *not* testify that the victim said any such thing. (State's Lodging A-3 at 722-886.) Therefore, even if the jury had heard Skeen's report of the incident, it is highly unlikely that the jurors would have assumed that the victim—rather than Petitioner—made the statement, "Get the fuck back here," or "Come back here, I'm going to kill you." This is particularly true given that multiple witnesses testified that Petitioner was the aggressor.

### 3. Conclusion

Respondent correctly notes that, other than seeing the headlights of Petitioner's car, Skeen "was not a visual witness to the events, nor has there ever been any indication that she could identify the person who yelled 'Get the fuck back here' during the incident." (Dkt. 30 at 4.) Without any evidence that Skeen's testimony would actually have corroborated Petitioner's statement to his attorney that the victim—and *not* Petitioner—yelled "Get the fuck back here," the Court concludes that discovery on this issue would be a "fishing expedition." *See Rich*, 187 F.3d at 1067. Nor is Claim 1 fundamentally altered such that the Court may permit discovery under *Pinholster*, *Martinez*, and *Dickens*.

ORDER - 6

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Discovery (Dkt. 22) is DENIED.

2. The Court will issue a decision on the merits of the Petition at a later date.

DATED: March 8, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge